THE PENNSYLVANIA COMPANY FOR BANKING AND TRUSTS, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF JAMES W. RUSLING, DECEASED, PLAINTIFF, v. EMILY RUSLING BATES, INDIVIDUALLY AND AS SURVIVING TRUSTEE UNDER THE LAST WILLS AND TESTAMENTS OF JAMES F. RUSLING AND OF EMILY W. RUSLING, DECEASED, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided March 10, 1950.

*Mr. Harvey Knight,* for the plaintiff.

*Messrs. Katzenbach, Gildea & Rudner (Mr. Horace J. Far-lee,* on the brief, and *Mr. A. David Speers* and *Mr. Maurice Heckscher,* of *Duane, Morris & Heckscher,* of Philadelphia, Pennsylvania, associated), for the defendant.

JAYNE, J. S. C.   The judicial instructions sought to be elicited in this action by the plaintiff in its fiduciary capacity necessitate a studious exploration of the will and codicil of James F. Rusling, and of the will of his widow, Emily W. Rusling, both of whom are now deceased and whose respective testamentary declarations have been admitted to probate.

An intelligible comprehension of the questions presented for solution requires also a chronological summary of the significant events, a bit of genealogy, and the quotation of pertinent excerpts from the testamentary documents.

James F. Rusling executed his will on February 11, 1908, and the codicil thereto on January 20, 1915.   He died on April 1, 1918.   He was survived by his widow, Emily W. Rusling, a son, James W. Rusling, then unmarried, and a married daughter, Emily Rusling Bates.

His widow, Emily W. Rusling, executed her last will and testament on January 28, 1919. She died on March 2, 1927, leaving her surviving the son, James W. Rusling, still unmarried, and the daughter, Emily Rusling Bates.

Thereafter James W. Rusling married (June 22, 1942) but died on January 31, 1947, without ever having had issue. His sister, Emily Rusling Bates, survives.

At the time James F. Rusling executed his will, both of his children, James and Emily, were unmarried. Generally described, it may be stated that he divided his estate into three parts, one part to each of his children absolutely, and the remaining third part to his wife for life, and upon her death to his son and daughter in equal shares. It is significant to observe that in both articles "Fifth" and "Sixth" of his will in referring to the gifts to his son and daughter, he directed:

"* * * in case of the decease of either of them without issue, the survivor to take both parts thereof—the children of either one to have their parent's share, in case of his or her decease."

The codicil to his will obviously made after the marriage of his daughter contains the conventional ratification and confirmation of the will in all respects "save so far as any part thereof shall be revoked or altered by this present codicil or inconsistent herewith."

Since the provisions of the codicil and those of the will of his widow, Emily W. Rusling, relating to the disposition of their residuary real estate embody essentially the same terms and are expressed with only a few unimportant exceptions in identical language, I shall for present purposes exhibit the following composite transcription with the explanation that the words parenthesized are not in the will of Emily W. Rusling and those italicized are not in the revised will of James F. Rusling.

"* * * I give, bequeath and devise to (said) James W. Rusling and Emily Rusling Bates, in trust, to pay and divide the net income therefrom, equally between my said two children, for their personal

use and benefit, until the same shall be sold, as hereinafter directed, and in case of the decease of either of my said two children leaving issue, before the sale of all of said real estate, the surviving child to collect the income of any or all the real estate then remaining unsold and pay the net one-half part thereof, less his or her due commissions and expenses, to the issue of the deceased child, if any, until such issue shall have reached the age of twenty-one (21) years, when said share shall be divided equally among said issue. Should all of said issue die before reaching the age of twenty-one (21) years, said share to go to my surviving son or daughter or their issue.

"The said James W. Rusling and Emily Rusling Bates, as trustees, as aforesaid, shall have full power, at their discretion, to sell and convey any of said real estate, at public or private sale, at such times and in such parcels as to them shall seem best, giving good and sufficient deeds therefor, and the proceeds of such sale shall be divided equally between my said son James W. Rusling, and daughter Emily Rusling Bates, share and share alike, when and as fast as said sales shall be made, said trust as to said proceeds then to cease, any unsold portion of said real estate remaining subject to the trust aforesaid.

"In case of the decease of either of my said children, leaving issue, as aforesaid, my surviving son or daughter, as the case may be, as trustee, as aforesaid, is to have the power to sell *and convey*, at public or private sale, any part of said real estate. one-half the proceeds thereof to go absolutely, as aforesaid, to the surviving son or daughter, as the case may be, the other half of said proceeds to be divided among the surviving issue of my deceased son or daughter when the same shall have reached the age of twenty-one years, and the consent of said issue shall not be necessary to said sale; said power being needed, as aforesaid, in order to speed such sales and conveyances. if said persons should dwell in different places or states, and also to avoid the costs and delays of proceedings in Chancery to authorize the same; but the said one-half of the proceeds of such sales to be duly accounted for by such trustee and divided among said issue, or reinvested at the discretion of my said surviving son or daughter (without delay), but should all of said issue die before reaching the said age of twenty-one (21) years, as aforesaid, said share of proceeds of real estate, as aforesaid, and all of said unsold real estate to go to my surviving son or daughter, as the case may be, or their issue, absolutely, and said trust shall terminate.

"If at any time my said son and daughter, trustees as aforesaid, shall agree to an (equal) division or partition *satisfactory to themselves as being equal* of any part of my said real estate between them, they shall on the execution of deeds as trustees, to each other respectively, hold their respective parts, so conveyed, absolutely, in fee simple forever, and said trust as to said real estate so partitioned or divided, shall cease, *the same as if sold.*"

Additional powers were conferred by the will of Emily W. Rusling. I quote:

"Both James W. Rusling and Emily Rusling Bates, as trustees or trustee, as above, whether jointly while both living, or singly for his or her own share, respectively, or as survivor, for the share of the other, being deceased, shall have the right also to mortgage any of the real estate to raise funds to improve either, any of the real estate hereby devised or that may have been inherited from or received by devise from James F. Rusling, or to purchase and improve other real estate, which, when so purchased with funds thus raised by mortgage, shall become subject to and part of the trust to which the property thus mortgaged belongs.

"If at any time my said son and daughter can not agree as to the sale or voluntary partition of my said real estate, as above authorized, then the one desiring to sell or to partition said real estate shall have the right to compel a partition or sale of the same by application to the proper court in partition proceedings, the same as may be done by any tenants in common of real estate, and the partition of such real estate or sale thereof, should the court decree a sale and distribution of proceeds in lieu of partition, shall end said trust as to said real estate.

"In the event of the death of either my said son or daughter, so that the trust in said real estate, as provided in the sixth paragraph of this my will, shall vest in the survivor, and my said surviving child shall desire to end said trust as to said real estate without sale thereof, but by retaining an equal share thereof to himself or herself, as the case may be, and setting aside a just and equal share thereof to the issue of my deceased son or daughter, then in that case my surviving son or daughter shall have the right and power to apply to any court of proper jurisdiction for a just and equitable partition of any of said real estate, remaining undisposed of, by sale or voluntary partition, as aforesaid, between said surviving son or daughter, and the issue of said deceased son or daughter, as the case may be, and on such partition of said real estate being made by order or decree of a court of competent jurisdiction, said trust in said real estate shall end."

The issue submitted for determination is expressed as follows in the pretrial order:

"This is a suit seeking the construction of the will of James F. Rusling to ascertain what disposition is made of his real estate in the event of the decease of either of his children without ever having had issue; and seeking, as well, the construction of the will of Emily W. Rusling to the end that it shall be ascertained what disposition was made of her real estate in the event of the decease of either of her children without ever having had issue.

"The real estate here involved is related to the real estate described in the complaint."

Counsel for the plaintiff in his brief suggests that the issue as stated in the order implicates these components:

"1. Whether the trusts created in each will are invalidated because of the identity of the trustees and *cestui que trusts* with broad powers of sale and termination.

"2. If the trusts are valid, whether they terminated upon the death of one child without issue and whether by implication the surviving child took an absolute fee in the premises freed from the trusts.

"3. What was the nature and extent of ownership of the children of the two testators in the trust real estate under the wills at the time of the death of the first child who was a trustee beneficiary?

"4. What estate if any did plaintiff take as executor and trustee of the will of the deceased trustee-beneficiary?

"5. Who was entitled to the rents of the premises in question from the death of the first child who was a trustee-beneficiary?"

I have made an inquisitive examination of the documents to ascertain the testamentary intentions of the decedents and studiously turned over the pages of the briefs. I announce the following conclusions:

1. The trusts created in each will were valid notwithstanding the identity of the trustees and *cestuis que trusts*, for reasons exemplified in my opinion in *Morgan v. Murton*, 131 *N. J. Eq.* 481 (*Ch.* 1942). See, also, *Savings Investment & Trust Co. v. Little*, 135 *N. J. Eq.* 546 (*Ch.* 1944); *Mesce v. Gradone*, 1 *N. J.* 159 (*Sup. Ct.* 1948); *Morrison v. Reed*, 6 *N. J. Super.* 598 (*Ch.* 1950).

2. The trusts terminated upon the death of James W. Rusling without issue and by clear implication the survivor, Emily Rusling Bates, thereupon became entitled to an absolute fee in the premises. *City Bank Farmers' Trust Co. v. Hentz*, 107 *N. J. Eq.* 283 (*Ch.* 1930).

3. The surviving child received the entire beneficial interest and thus the absolute ownership.

4. The plaintiff as trustee under the will of James W. Rusling in the circumstances acquired no interest or estate in the real properties herein implicated.

5. The survivor, Emily Rusling Bates, is entitled to all of the rents derived from the properties from the date of death of James W. Rusling.

Judgment accordingly.